ALBERTO H. BIASCOECHEA, Petitioner and Appellee, v. RAFAEL SANCHO BONET, TREASURER OF PUERTO RICO, Respondent and Appellant.

No. 7063. Argued February 18, 1937.—Decided February 26, 1937.

*B. Fernández García, Attorney General,* and *R. Cordovés Arana, Assistant Attorney General,* for appellant. *C. Iriarte, F. Fernández Cuyar,* and *H. González Blanes* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

The petitioner in the present mandamus proceeding is the owner of a property located in the Ward of Cangrejos Arriba, Carolina, consisting .of 149 acres (*cuerdas*), of which 70 acres have been planted with coconut trees ever since before the year 1929.

On May 11, 1933, the Legislature of Puerto Rico passed Act No. 50 of 1933 (Session Laws, 1932–1933, p. 312), to ". . . amend section 2 and to repeal sections 3 and 4 of Act No. 41, approved May 15, 1932 . . ." Section 2 of said law provides:

"Section 2.—The Treasurer of Puerto Rico is hereby directed to cancel tax receipts pending payment for the fiscal years 1929–30, 1930–31, 1931–32, 1932–33, on all coconut plantations comprised within the area devastated by the San Ciprián hurricane of September 26, 1932, in the northern part of the Island of Puerto Rico, that is, from the town of Luquillo to the town of Dorado; *Provided,* That in all the fiscal years 1933–36, the Treasurer of Puerto Rico shall cancel the second tax receipt for the second semester on said coconut plantations, as they fall due; *Provided,* That nothing contained in this Act shall be understood as exempting from the payment of taxes any industry or business established on any of the coconut plantations exempted by this Act until 1936."

The petitioner alleges that when the act was approved, he owed the tax receipts on said property corresponding to the fiscal years 1930–1931, 1931–1932, 1932–1933, and

that the Treasurer of Puerto Rico, notwithstanding petitioner's demand and the fact that his property is comprised within the area devastated by the San Ciprián hurricane of September 26, 1932, has refused to cancel the proportionate part of ·the receipts pending payment that corresponded to the 70 acres planted with coconut trees.

The respondent set up that the property of the defendant appears in the books of his department as wholly dedicated to pasture, and that since the tax he has paid on said property is the one pertaining to pasture land, which assessment is lower than that of a coconut plantation, his case is not comprised within section 2 of Act No. 50 of 1933, *supra.*

After hearing the parties the lower court rendered judgment and both parties appealed to this court. The respondent appealed from the whole judgment, and the petitioner from that part thereof adjudging each litigant to pay his own costs. However, as the petitioner has failed to comply with Rule 43 of this Supreme Court, by not including in his brief an assignment of errors, we are not bound to consider his appeal, in accordance with the repeated decisions of this court. The respondent assigned three errors which may be summarized thus:

That the judgment is contrary to law, as it is based on an erroneous interpretation of section 2 of Act No. 50 of May 11, 1933, to the effect that said section does not make any distinction between coconut plantations assessed as such and coconut plantations assessed ·as pasture lands.

In the case of *López* v. *Domenech, Treasurer,* 45 P.R.R. 314, there was considered a question very similar to that arising from the facts in the instant case, with the only difference that there the statute involved provided for the cancellation of taxes due on coffee plantations, while in the case at bar the statute relates to coconut plantations. In that case it was held as follows:

" . . . . For the purposes of this opinion it may be conceded, without holding, that the Legislature did not intend to help the owners of coffee plantations who had deliberately rendered the same for taxes as pasture or waste land in order to obtain a lower valuation. Bad faith cannot be presumed. The petition now before us negatives, although not in a very satisfactory manner, the existence of any purpose to defraud the Government. The Treasurer gave the claimant, now plaintiff herein, no opportunity to explain the previous description of his coffee plantation as pasture land and brush. The claim was denied without any investigation of its merits."

Since both statutes are essentially similar and have the same purpose, namely, to rehabilitate the rural properties damaged by the hurricanes, we must construe them similarly. The lower court did not commit the error assigned.

We think that the imposition of costs on the respondent could not be justified in this appeal, and therefore petitioner's request to that effect is denied.

The judgment must be affirmed.